UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KRISTIAN T. PARKS, )
    *Plaintiff*, )
)
v. ) No.: 1:23-cv-00309-CEA-CHS
)
DEIBEL LABORATORIES OF )
TENNESSEE, LLC, and Operations )
Manager COLLEEN M. SCARBROUGH, )
    *Defendants*. )

## ORDER QUASHING SUBPOENAS

### I. Introduction

This matter is before the Court upon Defendant Deibel Laboratories of Tennessee LLC's Motion to Quash Subpoenas or, in the Alternative, Motion for Protective Order [Doc. 56]. The Court conducted a hearing on November 26, 2024. Attorneys James Snodgrass and Bob Bowman appeared for Defendants. Kristian L. Parks appeared pro se. For reasons that follow, the Motion to Quash [Doc. 56] will be **GRANTED**.

### II. Background

This case relates to an employment dispute arising from Plaintiff's termination from employment with Defendant Deibel Laboratories of Tennessee, LLC ("Deibel"). Plaintiff was employed with Deibel for approximately two months from February 14, 2023, until April 12, 2023, during which time she worked in the media department. Following her termination, Plaintiff sued Deibel for race discrimination, fraud, retaliation, wrongful termination, breach of contract, and violation of 42 U.S.C. § 1981. Her claims are premised on a variety of federal and state statutes. Plaintiff has sued only Deibel and one of its employees, Colleen Scarbrough, who is characterized

by Plaintiff as an "Operations Manager." Consequently, her various causes of action are directed exclusively against Deibel and one of its employees.

Seven subpoenas duces tecum dated October 31, 2024 were issued by Plaintiff on October 31, 2024 [Doc. 55]. Plaintiff represents that these subpoenas were served on:

(1) A2LA Accreditation Headquarters, Board Regulatory Misconduct Counsel, 5202 Presidents Court, Suite 220, Frederick, Marland 21703;

(2) M&M Mars Wrigley Corporation Microbiology, Auditing and Legal Department, 3500 Peerless Road NW, Cleveland, TN 37312;

(3) M&M Mars Wrigley Corporation Microbiology, Auditing and Legal Department, 800 High Street, Hackettstown, NJ 07840;

(4) Tip Top Poultry Plant-USDA Division/Section Microbiology, Auditing and Legal Department, 327 Wallace Road, Marietta, GA 30062;

(5) Creative Snacks Company Microbiology, Auditing and Legal Department, 4165 Mendehall Oaks Parkway, High Point, NC 27265;

(6) Tennessee Department of Environment Health Food Safety Office of Investigation Microbiology Laboratory Testing, 665 Mainstream Drive, Second Floor, Nashville, TN 37243; and

(7) U.S. Department of Justice Food and Drug Administration Microbiology Laboratory Regulatory Misconduct Division, 950 Pennsylvania Avenue, Washington, DC 20530-0001.

Each subpoena duces tecum commands that the recipient produce a variety of documents and electronically stored information ("ESI") to "Kristian T. Parks, 4904 Renezet Drive, Chattanooga, TN 37416." More specifically, the documents and ESI requested include:

- Contract Service Agreement between Deibel Laboratory and [recipient of subpoena];

- Required insurance policy coverage and limits;

- Quality Control reports; synopsis/computation of billing-Invoices;

- Autoclaves reports of cross-contamination.

- All regarding Microbiology food process testing from 2018; emphasis on 2023 to 2024.

Deibel filed its Motion to Quash on November 11, 2024 [Doc. 56]. Plaintiff filed her Response on November 12, 2024 [Doc. 60]. Deibel filed its Reply on November 18, 2024 [Doc. 69], and Plaintiff filed her Sur-Reply on November 22, 2024 [Doc. 70].

### III. Analysis

In determining whether to quash a subpoena, the Court looks to Fed. R. Civ. P. 45(d)(3) which provides as follows:

> (3) *Quashing or Modifying a Subpoena.*
>   (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;
>     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.

[See Fed. R. Civ. P. 45(d)(3)]. The first issue presented is whether the Eastern District of Tennessee is the "district where compliance is required." The issue is complicated by the fact that six of the seven subpoenas were sent to entities more than 100 miles from Chattanooga where both Plaintiff and this court are located. The court notes, however, that none of the seven subpoenas direct that a person must appear for a deposition in this or any other judicial district or that the requested documents and ESI be produced at a location outside this judicial district. Rather, the entities receiving the subpoenas have been directed to furnish documents and ESI to Plaintiff at her home address in Chattanooga. In complying with the directive in the subpoena, the Court assumes that any subpoena recipient would transmit responsive documents by U.S. Mail, UPS, Fed Ex, or via electronic transfer. Consequently, it appears that Plaintiff is seeking to require "compliance" with the subpoena in the Eastern District of Tennessee. Consequently, the Court finds that the United

3

States District Court for the Eastern District of Tennessee is the court "where compliance is required," and is therefore the proper court to determine whether the subpoenas should be quashed or modified.

Substantively, the Court focuses on whether the subpoenas served upon the non-parties subjects them to "undue burden" as contemplated by Fed. R. Civ. P. 45(d)(3)(iv). The Court also looks to Fed. R. Civ. P. 45(d)(1) which provides in relevant part, a party issuing "a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . ." Finally, the Court also looks to Fed. R. Civ. P. 26 which governs discovery generally. Rule 26(b)(1) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

The Court finds that Plaintiff has not taken reasonable steps to avoid imposing undue burden or expense on the six different entities[1] to whom she had directed subpoenas duces tecum. This becomes immediately apparent when considering the scope of information requested in the subpoenas. Against the backdrop of Plaintiff's claim that she was discriminated/retaliated against by her employer, Deibel, after being terminated following two months of employment, Plaintiff has demanded from non-parties:

- All "Contract Service Agreements" between Deibel Laboratory and the following entities: A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

- All insurance policies/limits for A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

---

[1] There are seven subpoenas, but two are directed to a single non-party, M&M Mars Wrigley Corporation—one subpoena to its headquarters in Tennessee and one to its headquarters in New Jersey.

- All "Quality Control reports" for A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

- All "synopsis/computation of billing-Invoices" for A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

- All "Autoclaves reports of cross-contamination" for A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

- All "Microbiology food process testing from 2018 to 2024" for A2LA Accreditation Headquarters, M&M Mars Wrigley Corporation, Tip Top Poultry Plant, Creative Snacks Company, Tennessee Department of Environment Health Food Safety, and the U.S. Department of Justice Food and Drug Administration.

For the most part, Plaintiff does not confine her demands for documents and ESI to information that specifically relates to Defendant Deibel. Moreover (except for the six year period suggested for microbiology food process testing) she does not impose any temporal limitations whatsoever on her demands. Suffice it to say that the scope of Plaintiff's demand for documents and ESI to the non-parties is incredibly large and would impose an inestimable burden on any non-party attempting to respond.

Moreover, virtually all of the *relevant* information sought within the universe of information set forth in Plaintiff's subpoenas should be within the possession of Defendant Deibel. As of the date of the hearing on the present motion, Plaintiff had made no attempt to obtain these categories of documents and ESI from Deibel—the party she is suing—before launching her broadside of subpoenas against Deibel's non-party business associates. In other words, Plaintiff took no reasonable steps to avoid imposing an unnecessary burden or expense on the non-parties to whom she sent subpoenas.

The Court further finds that the information sought by Plaintiff in her subpoenas does not meet the Fed. R. Civ. P. 26(b)(1) standard requiring that discovery be limited to information that is relevant to the parties' claims or defenses and proportional to the needs of the case. In this regard, the Court notes that the information sought by Plaintiff—such as insurance policy limits, quality control reports, billing invoices, autoclave reports, and food process testing—is not in any way limited to Deibel. Using just one non-party example, M&M Mars undoubtedly has countless business relationships with other customers, business partners, suppliers, and entities which may involve quality control reports, billing invoices, autoclave reports and food process testing, and which would have nothing to do with Deibel. Such documents and ESI would have no relevance to the claims and defenses in the present lawsuit. Similarly, M&M Mars' own insurance policy limits have no relevance to Plaintiff's lawsuit against Deibel. Consequently, even a cursory review of Plaintiff's subpoenas duces tecum served upon the non-parties reveals that the information sought therein is overly broad, not relevant to the claims and defenses in this case, and disproportionate to the needs of this case.

IV. **Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant Deibel Laboratories of Tennessee, LLC's Motion to Quash Subpoenas or, in the Alternative, Motion for Protective Order [Doc. 56] is **GRANTED**.

2. Plaintiff's seven subpoenas dated October 31, 2024 [Doc. 61, 62, 63, 64, 65, 66, 67], are **QUASHED**.

3. Pursuant to Fed. R. Civ. P. 45(d)(1) requiring the Court to impose an appropriate sanction, Plaintiff shall pay to Defendant Deibel its reasonable and necessary attorney fees and expenses in connection with Deibel's attorneys' preparation of the Motion to Quash (and supporting brief) [Doc. 56], as well as the court appearance on such motion. To that end, Attorneys Bowman and Snodgrass shall prepare a statement for such services and expenses accompanied by an affidavit, and shall send it to Plaintiff within two weeks from the date of this order. If Plaintiff does not pay such amount within

thirty days from receipt of such bill, Defendant shall file a motion to compel with the Court.

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE